LILIAN G. TSANG (#260460)
STAFF COUNSEL FOR
DAVID BURCHARD,
CHAPTER 13 STANDING TRUSTEE
393 VINTAGE PARK DRIVE, SUITE 150
FOSTER CITY, CA 94404
Tel:   (650) 345 – 7801 X 116
Fax:   (650) 345 – 1514

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

**In re**

**EBORLAS, PORFERIO**

                    **Debtor.**

Case No.: 1010-3-0879 SFM13

Date: July 14, 2010
Place: Crtrm 22 –
       235 Pine St., 22nd Fl.
       San Francisco, California
Time:  2:30 PM
Judge: The Honorable Dennis Montali

## CHAPTER 13 STANDING TRUSTEE, DAVID BURCHARD'S MOTION TO DISMISS WITH A BAR TO FUTURE FILING FOR A MINIMUM OF TWO YEARS AND ASSESSING SANCTIONS

The Chapter 13 Trustee, DAVID BURCHARD, moves the Court for an Order pursuant to 11 U.S.C. § 1307(c) dismissing Porferio Eborlas ("Debtor") with a bar from future filings for a minimum of two years and assessing sanctions for future filings as the Trustee believes Debtor has filed this case in bad faith.  The Trustee further requests this Court to take judicial notice of the previous court filings, the PACER dockets, and the Declaration of David Burchard in Support of this Motion.

## FACTS

This is the 5th bankruptcy filing by this Debtor since October 26, 2009.  The filing dates and disposition of the cases filed are described below:

1

| Name | Chapter, Case Number | Filing Date | Disposition |
|---|---|---|---|
| Eborlas, Porferio | 10-30879 SFM13 In Pro Per | March 15, 2010 | Current case/pending |
| Eborlas, Porferio | 10-30483 SFM13 In Pro Per | February 12, 2010 | Dismissed for failure to file required documents 3/3/2010. |
| Eborlas, Porferio | 10-30032 SFC13 In Pro Per | January 7, 2010 | Dismissed for failure to file required documents on 1/25/2010. |
| Eborlas, Porferio | 09-33854 SFM13 In Pro Per | December 4, 2009 | Dismissed for failure to file required documents on 12/22/2009. |
| Eborlas, Porferio | 09-33303 SFM13 In Pro Per | October 26, 2009 | Dismissed for failure to file required documents on 11/16/2009. |

(See Declaration in Support of Motion by David Burchard).

## DISCUSSION

**The Current Filing is in Bad Faith Due to the Multiple Filings and This Misconduct Should Require the Case to be Dismissed with a Bar to Future Filings for Two Years.**

The Court has authority to dismiss a case with prejudice under Section 349 of the Bankruptcy Code. Section 349(a) provides that:

> Unless the Court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debtors that were dischargeable in the case dismissed, nor does the dismissal of a case under this title prejudice the debtor with regard to the filing a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349.

Section 349(a) of the Bankruptcy Code permits a court to sanction the behavior of a serial filer beyond the limited sanction provided in 11 U.S. C. § 109(g). Pursuant to 11 U.S.C. § 349 courts can; (1) dismiss a case with prejudice and temporarily or permanently bar the debtor from obtaining a discharge or an existing or all existing debts; and/or (2) dismiss a case with prejudice and bar the debtor from filing for a period beyond 180 days set forth in section 109(g). Section 349 establishes a general rule that dismissal of a case is without prejudice, but it also expressly

grants a bankruptcy court the authority to dismiss the case with prejudice thereby preventing the debtor from obtaining a discharge with regard to the debts existing at the time of the dismissed case, at least for some period of time.  In re Leavitt, 171 F. 3d 1219 (9th Cir. 1999); In re Casse, 198 F. 3d 327 (2nd Cir. 1999).

Bad faith is a cause for a dismissal of a Chapter 13 case with prejudice under § 349 and § 1307c. In re Leavitt, supra.  The totality of circumstances test is necessary to determine bad faith. Id.  The following factors are used in determining whether bad faith exists:

1. the debtor's history of filings and dismissals;
2. whether the debtor only intended to defeat state court litigation;
3. whether egregious behavior is present; and
4. whether unfairly manipulated the Bankruptcy code, misrepresented facts in his plan or petition, or otherwise filed the Chapter 13 case in an unfair manner.
    (citations omitted).

There is no requirement of fraudulent intent in a finding of bad faith.  Id.

The present case is Debtor's fifth case since October 26, 2009.  All of four cases prior to the current case since October 2009 were dismissed prior to confirmation for failure to file required documents and all of them, including the present case, were filed by Debtor in pro per. In the current case pending in the San Francisco division, Debtor has not filed the required documents.

Debtor's current case was filed on March 15, 2010.  Again, Debtor was not represented by counsel and failed to file a Chapter 13 Plan and other required documents.  A bar to future filings is necessary to prohibit Debtor from abusing the Bankruptcy system.  In addition, sanctions are appropriate if Debtor violates any future order that bars future filings for a period of time.

The multiple filings appear to be an effort to forestall secured creditors, without any real attempt to reorganize.  Filings to hold off creditors are often considered bad faith filings.  In re Felberman, 196 B.R. 678, 681 (S.D. N.Y. 1995).  Based on the pattern of filings, Debtor is attempting to frustrate creditors.  The use of the automatic stay for this purpose should be stopped.

## **CONCLUSION**

This pattern of filing bankruptcy to forestall creditors must be stopped. The Trustee requests that this case be dismissed with prejudice and that an Order be issued to bar Debtor from future filings for a minimum of two years, that any violation of this Order be deemed null and void and be dismissed without future notice to Debtor, and if Debtor violates this Order that he be assessed sanctions in the amount of $5,000.00 within ten days of the filing of the petition.

Respectfully submitted,

Dated: May 17, 2010 /s/ Lilian G. Tsang
Lilian G. Tsang, Staff Attorney for
David Burchard, Ch 13 Trustee